IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE JONES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-4099 |
| | : | |
| DIANE YALE, et al. | : | |

MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                                    **June 25, 2008**

Now before the Court is the Motion to Dismiss filed by Defendants Diane Yale and Cheryl Zaladonis ("Defendants"). For the reasons discussed below, the Motion will be granted.

**I. BACKGROUND**

Plaintiff Theodore Jones ("Plaintiff"), appearing pro se in this action, is a former inmate at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"). Accepting as true the allegations of the Complaint, the relevant facts are as follows: In January 1994, Plaintiff was paroled from a five-to-ten year sentence. Compl. ¶ 10. While on parole, he was arrested on three different occasions, the last of which occurred on March 29, 1994. Id. ¶ 11. After that arrest, Plaintiff was remanded to the custody of the Philadelphia County Prison System. Id. ¶ 12. On April 3, 1994, he appeared at a parole revocation hearing and pled guilty to technical parole violation charges. Id. ¶ 14. On May 13, 1994, as a result of the technical parole violations, the parole board ordered him to serve six months of backtime,[1] to commence "when available." Id. ¶

---

[1] "'[B]acktime' is . . . that part of an existing judicially-imposed sentence which the [parole board] directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served

15.  Plaintiff remained in custody until August 31, 1994, when he was released on bail.  Id. ¶ 16.

On February 2, 1995, Plaintiff entered a guilty plea to the new criminal charges[2] and subsequently was sentenced to three to ten years in prison.  Id. ¶ 18.  Although his guilty plea to the new criminal charges would have constituted a direct violation of his parole, the parole board allegedly failed to hold a timely revocation hearing within the mandatory 120 days.  Id. ¶¶ 19-20.  As a result, the board "forfeited its authority to violate the plaintiff as a convicted parole violator."  Id. ¶ 20.

On August 24, 2005, Defendants Diane Yale, Records Supervisor at SCI-Dallas, and Cheryl Zaladonis, Records Officer at SCI-Dallas,[3] incorrectly recalculated Plaintiff's sentencing status by failing to credit him for the 152 days he served from March 29, 1994 to August 31, 1994.[4]  Id. ¶¶ 21, 23.  Although Plaintiff unsuccessfully attempted to bring the error to the attention of Defendants Yale and Zaladonis, they "failed to afford plaintiff with due process of law," which resulted in his serving an additional 152 days in prison.  Id. ¶ 23.

On September 18, 2007, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 seeking monetary damages, injunctive, and declaratory relief for the allegedly unlawful extension

---

before the parolee may again be eligible to be considered for a grant of parole."  Krantz v. Pa. Bd. of Prob. & Parole, 483 A.2d 1044, 1047 (Pa. Commw. Ct. 1984) (emphasis omitted).

[2]  Plaintiff does not identify these new criminal charges, but it appears the charges stem from the three arrests occurring after his parole in January 1994.

[3]  Plaintiff includes Robert Durison, Director of the Philadelphia Prison System, as an additional Defendant.  Defendant Durison is not a party to the instant Motion.

[4]  Although Plaintiff does not explain the details of this claim clearly, he appears to be alleging that because the parole board failed to hold a timely violation hearing, the time he served from March 29, 1994 to August 31, 1994 should count toward his criminal sentence rather than any sentence for his parole violation.

of his sentence by 152 days.  Id. ¶¶ 1, 3.  On January 14, 2008, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[5]

## II.  LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"  Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  Because Plaintiff is appearing pro se, the Court will construe his Complaint liberally and subject it "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[5] Plaintiff has not responded to the Motion to Dismiss, but the Third Circuit has cautioned against granting motions to dismiss as unopposed "without any analysis of whether the complaint failed to state a claim upon which relief can be granted."  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); see also Chocallo v. IRS Dep't of the Treasury, 145 F. App'x 746, 748 (3d Cir. 2005) ("The District Court erred . . . by relying on a local rule to grant the motion to dismiss a pro se litigant's complaint as unopposed without undertaking a merits analysis.").  Because Plaintiff is appearing pro se in this matter, the Court will conduct a merits analysis despite his failure to respond to the Motion.

**III. ANALYSIS**

Defendants argue that Plaintiff's claim is barred pursuant to the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). The Heck rule applies both to claims seeking money damages and to claims seeking equitable relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In the instant case, Plaintiff has not alleged "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Although he seeks monetary and injunctive relief, success in his § 1983 claim depends on the validity of the duration of his confinement, including the 152 days he claims should have been credited toward his sentence. Under these circumstances, he cannot maintain the instant action against Defendants Yale and Zaladonis. See id. ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated."); see also Royal v. Durison, 254 F. App'x 163, 165-66 (3d Cir. 2007) (explaining that Heck barred a § 1983 claim seeking monetary damages for an improperly calculated sentence).[6]

Additionally, because Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) when the Complaint fails to state a claim on which relief may be granted. Because the claim against Defendant Durison, the only remaining Defendant in the action, also is barred by Heck, the Court will dismiss the claim against him sua sponte. See Neidig v. Redina, 2008 U.S. Dist. LEXIS 30768, at *8-9 (M.D. Pa. Mar. 31, 2008) (dismissing the claims sua sponte against all nonmoving defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the claims against them were barred by Heck).

## IV. CONCLUSION

Because Plaintiff's claim is foreclosed by the Heck rule, the Motion will be granted. The Court also will dismiss the claim against Defendant Durison sua sponte. Because amendment to the Complaint would be futile, the Court will not grant Plaintiff leave to amend. An appropriate Order follows.

---

[6] The Third Circuit has declined to create an exception to Heck when a prisoner is no longer in custody. See, e.g., Royal, 254 F. App'x at 166 (citing Williams, 453 F.3d at 177-78). Accordingly, the fact that Plaintiff is no longer incarcerated does not alter the application of the Heck rule.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE JONES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-4099** |
| | : | |
| **DIANE YALE, et al.** | : | |

### ORDER

**AND NOW**, this 25th day of June, 2008, upon consideration of the Motion to Dismiss filed by Defendants Diane Yale and Cheryl Zaladonis (docket no. 10), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  Accordingly, Defendants Diane Yale and Cheryl Zaladonis are **DISMISSED** from this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it is **FURTHER ORDERED** that the claim against Defendant Robert Durison is **DISMISSED**, and the Clerk of the Court shall mark this case **CLOSED**.

                                                                                                               **BY THE COURT:**

                                                                                                               /s/ Bruce W. Kauffman
                                                                                                              **BRUCE W. KAUFFMAN, J.**